USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-12

# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

GREGORY J. RADOMISLI
PARTNER

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

**MEMO ENDORSED**

May 15, 2012

Pre-motion Conference set for

May 21, 2012 at 2:30pm

SO ORDERED
P. KEVIN CASTEL, U.S.D.J.
Date: 5-15-12

**BY FAX (212-805-7949)**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Castle Suites v. Capital World**
      Civil Action No.   11 CV 09425 (PKC) (FM)
      MCB File No.       7567-82926

Dear Judge Castel:

We represent the defendants Commercial Escrow Services, Inc. and Antoinette Hardstone ("the defendants") in the above-referenced matter.

In accordance with Your Honor's Individual Rules of Practice, this letter is to request a pre-motion conference to discuss defendants' proposed pre-Answer motion to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction; or in the alternative, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because of improper venue; or in the alternative, to dismiss the Complaint pursuant to Rules 8(a)(2), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiffs fail to state a claim upon which relief can be granted.

This Court previously extended the defendants' time to answer to May 18, 2012, and therefore this letter is timely.

GJR/da

WESTCHESTER COUNTY OFFICE
235 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4058

NASSAU COUNTY OFFICE
90 MERRICK AVENUE
EAST MEADOW, NY 11554-1578
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

## Rule 12(b)(2)

According to Paragraph 8 of plaintiff's Complaint, the basis of Federal jurisdiction in this case is complete diversity of the parties. The plaintiff Cathy Scott is a resident of Texas and the plaintiff Castle Suites Estate, LLC is incorporated in Texas. According to Paragraph 9 of the Complaint, Capital World Trading should either be considered a resident of Arizona, California or the Country of Nevis. Paragraph 9 of the Complaint also alleges that defendants Lorenzo Nava, Antoinette Hardstone and Commercial Escrow Services, Inc. are in California. Significantly, plaintiffs do not allege that <u>any</u> of the defendants is a citizen of New York, or that <u>any</u> of the acts giving rise to the allegations in the Complaint occurred in New York.

In a diversity action, the issue of whether personal jurisdiction exists over a defendant must be determined by the law of the forum state. *Sabatino v. St. Barnabas Medical Center*, 2005 U.S.Dist. LEXIS 20647 (S.D.N.Y. 2005); *Aerogroup International, Inc. v. Marlboro Footworks, Ltd.*, 956 F.Supp. 427 (S.D.N.Y. 1996); *Broadcasting Rights International Corp., v. Societe du Tour de France*, 675 F. Supp. 1439 (S.D.N.Y. 1987). When the defendant is not a resident or domiciliary of New York like the defendants herein, plaintiffs must establish that the New York Court has *in personam* jurisdiction over the defendant by meeting the requirements of either Section 301 of the New York Civil Practice Law and Rules ("CPLR"), or the requirements of CPLR 302.

CPLR 301 confers jurisdiction over a defendant on causes of action that are not related to acts performed in New York when the non-resident defendant is "engaged in a systematic and regular course of business in New York." *Delagi v. Volkswagonwerk AG of Wolfsburg*, 29 N.Y.2d 426, 430, 328 N.Y.S.2d 653 (1972) (*quoting* CPLR 301). Plaintiffs' counsel has not made, and cannot make, that allegation because the defendants do not do so.

CPLR 302 also does not apply. Neither CPLR 302(a)(1) nor 302(a)(2) confers personal jurisdiction over the defendants because plaintiffs do not, and cannot, allege that the defendants "transacted business" or committed "a tortious act" in New York. Similarly, for CPLR 302(a)(3) to be apply, plaintiffs must incur <u>an injury within the State</u> as a result of tortious conduct committed by the defendant outside the state. CPLR 302(a)(3); *See also Ingraham v. Carroll*, 90 N.Y.2d 592, 665 N.Y.S.2d 10 (1997). Plaintiffs cannot establish jurisdiction over the defendants on that ground because New York does not have any connection to plaintiffs' case. Lastly, CPLR 302(a)(4) does not apply because defendants do not own, use or possess real property in New York.

Even if plaintiffs could meet the requirements of the CPLR, plaintiffs would <u>also</u> have to demonstrate that subjecting the defendants to jurisdiction in New York would be consistent with the Due Process Clause. *See Big Apple Pyrotechnics and Multimedia, Inc. v. Sparktacular Inc.*, 2007 U.S.Dist. LEXIS 17163 (S.D.N.Y. 2007). Due process requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at *25 (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945)). Those two components of the due process test are called the "minimum contacts" test and the "reasonableness" test. *Id.*

1859305-1

For minimum contacts to exist, the defendant must have done business in New York and foresee being haled into Court in New York. *Id.* at *25-26. For the exercise of jurisdiction to be "reasonable," courts must consider 1) the burden on the defendants; 2) the forum state's interest in adjudicating the case; 3) the plaintiff's interest in convenient and effective relief; 4) the judicial system's interest in efficient resolution of the dispute; and 5) the states' shared interest in furthering substantive social policies. *Id.* at *26 (citations omitted). It is respectfully submitted that plaintiffs will not be able to demonstrate either "minimum contacts" or "reasonableness" and, as such, the Complaint should be dismissed for lack of personal jurisdiction.

Given that plaintiffs have the burden of establishing a basis for this Court to exercise personal jurisdiction over the defendants, *Protostorm, LLC v. Antonelli, Terry, Stout & Krauss, LLP*, 2010 U.S.Dist. LEXIS 109466 (E.D.N.Y. 2010), which requires plaintiffs to make out a *prima facie* showing that the defendants are amenable to jurisdiction in New York, *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir. 1993), it is respectfully requested that if plaintiffs are not able to make a *prima facie* showing in opposition to this letter, that defendants' motion simply be granted at this time. Significantly, in the absence of a *prima facie* case that jurisdiction exists, plaintiffs are not even entitled to discovery on the issue. *See Safety Software Limited v. Rivo Software, Inc.*, 2012 U.S.Dist. LEXIS 53209 (S.D.N.Y. 2012) (*citing Best Van Lines Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007)).

### Rule 12(b)(3)

In actions based on diversity of citizenship, venue is controlled by 28 U.S.C. §1391. This statute states, in pertinent part, that actions found upon diversity of citizenship may only be brought in (1) a judicial district where any defendant resides, if all the defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Venue in New York is clearly improper. Paragraph 9 of the Complaint indicates either that the defendants reside in different states or, at best, that they are all citizens of California. Therefore, venue in New York is not proper under subsection (1). Subsection (2) does not apply because none of the events or omissions giving rise to plaintiffs' claim occurred in New York. Finally, subsection (3) does not apply because, for the reasons discussed above, the defendants are not subject to jurisdiction in New York. Because the plaintiffs have selected an improper venue, the Complaint against the defendants should be dismissed pursuant to Rule 12(b)(3). *See Safety Software Limited v. Rivo Software, Inc.*, 2012 U.S.Dist. LEXIS 53209 (S.D.N.Y. 2012)

Given that plaintiffs have the burden of establishing that venue is proper, *Cold Spring Harbor Lab v. Rope & Gray, LLP*, 762 F.Supp.2d 543 (E.D.N.Y. 2011), and that at the very least, plaintiffs must make a *prima facie* showing that venue is proper, *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353 (2d Cir. 2005), it is respectfully requested that if plaintiffs are not able to make a *prima facie* showing in opposition to this letter, that defendants' motion to

1859305-1

dismiss simply be granted at this time. *See Albergo v. Pearlman*, 2011 U.S.Dist. LEXIS 2380, *13-14 (S.DN.Y. 2011) (If plaintiffs fail to establish a *prima facie* case that venue is proper, the Complaint should be dismissed).

### Rules 8(a)(2), 9(b) and 12(b)(6)

Even if this Court finds that plaintiffs could assert jurisdiction over the defendants, the Complaint should be dismissed because it does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure or United States Supreme Court precedent interpreting the requirements thereunder. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

Although historically Courts were required to accept plaintiff's allegations as true when deciding a motion to dismiss pursuant to Rule 12(b)(6) and failure to comply with Rule 8(a)(2), the United States Supreme Court recognized in *Iqbal* that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at __, 129 S.Ct. at 1949. The Court is not required to accept as true "a legal conclusion couched as a factual allegation." 556 U.S. at __, 129 S.Ct. at 1250 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). In other words, pleadings that are no more than conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1950.

To the extent that a complaint contains factual allegations that are not the equivalent of legal conclusions, the Complaint must contain sufficient factual matter that, if accepted as true, would state a claim that is "plausible on its face" if the complaint is to survive a motion to dismiss. *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. The Supreme Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal* 556 U.S. at __, 129 S.Ct. at 1949 (citations omitted). Plaintiff must allege "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. Plaintiffs' Complaint falls short of the necessary standard.

Furthermore, to the extent that plaintiffs' claims rest on allegations of fraud, plaintiffs fail to meet the particularity requirement of Rule 9(b). To satisfy Rule 9(b), plaintiffs must 1) specify the statements that plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Plaintiffs do not do so.

1859305-1

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

Gregory J. Radomisli (GJR 2670)

cc: **BY FAX (212-571-0276)**

Jan Vincent Farensbach, Esq.
Law Offices of Jan V. Farensbach
277 Broadway, Suite 1405
New York, New York 10007

1859305-1